# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CLEMENS TINNEMEYER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:09-cr-00072-GMN-RJJ <br><br> **ORDER** |

Pending before the Court is Defendant Clemens Tinnemeyer's sealed Motion to Correct Sentence (ECF No. 62). For the reasons that follow, the Motion will be DENIED with prejudice.

I.   **BACKGROUND**

On March 4, 2009, Defendant Tinnemeyer pleaded guilty to one count of conspiracy to distribute five (5) kilograms or more of cocaine, a violation of 21 U.S.C. § 846. In his Plea Agreement, Defendant agreed that the amount of drugs at issue in the underlying conspiracy was between 50 and 150 kilograms. The Plea Agreement also contained an agreement to cooperate with the Government in its investigation of other co-conspirators involved in the underlying conspiracy.

Prior to Defendant's sentencing hearing, the Government called him to testify at the trial of several of his co-conspirators. That trial was conducted by this Court and bears the case number 2:09-cr-00113-GMN-PAL. During Defendant's testimony on direct examination, it became clear that the amount of cocaine involved in the underlying conspiracy far exceeded 150 kilograms and that he, himself, transported much more than that amount. Defendant also admitted during his testimony that he recruited other individuals to

join the conspiracy, that he exercised a degree of managerial responsibility over them, and that he controlled and maintained a recreational vehicle used in the distribution of cocaine.

In light of this testimony, the Court determined at Defendant's subsequent sentencing hearing that the three-level reduction agreed to in the Plea Agreement and reflected in the Presentence Report for Defendant's role in the offense (less than a minor but more than a minimal role) was no longer actually applicable to Defendant. The Court explained in detail that, under the totality of the circumstances, Defendant was clearly not among the least culpable of the people involved in the offense, nor was he even less culpable than most participants; therefore, Defendant could not qualify for any of the reductions under section 3B1.2 of the Guidelines and, in fact, was nearly eligible for an increase, under section 3B1.1, for his supervisory or managerial role.

The Court further explained that, under Application Note 3(B) to section 3B1.2, Defendant was ineligible for the mitigating role adjustment because he pleaded guilty to a significantly less serious offense than what was warranted by his actual criminal conduct. In reaching this conclusion, the Court pointed to the fact that Defendant had admitted to distributing far more cocaine than he had pleaded guilty to in his plea agreement, and, as such, had avoided a higher Base Offense Level. Defense counsel could not and did not contest the fact that Defendant had admitted to distributing and conspiring to distribute far more cocaine than he had pleaded guilty to, but argued that the Court should abide by the Plea Agreement. The Court explained that there was no principled way for it to do so, and imposed a sentence of 71 months imprisonment.

The sentence was calculated by the Court starting with a Base Offense Level of 36, then subtracting 2 levels for the application of the safety valve pursuant to section 5C1.2, deducting 3 levels for acceptance of responsibility under section 3E1.1, and finally subtracting 6 levels for a substantial assistance departure under section 5K1.1. This resulted

in a Total Offense Level of 25, which, when combined with a Criminal History Category of I, yielded a Guidelines range of 57 to 71 months imprisonment.

After the Court orally imposed sentence, Defendant's counsel moved to withdraw as counsel so that appellate counsel might be appointed. The Court granted that motion and appointed Defendant's current counsel to represent the defendant on appeal. Newly appointed counsel thereafter filed the instant Rule 35(a) motion.

**II.    DISCUSSION**

"Once a sentence has been imposed . . . it is final, and the trial judge's authority to modify it is narrowly circumscribed." *Dolan v. United States*, 130 S. Ct. 2533, 2545 (2010). In fact, prior to the adoption of Rule 35 of the Federal Rules of Criminal Procedure, trial courts had no such authority. *Id.* Now, under Rule 35, "an error may be corrected by the trial court only if it is 'clear,' and only within 14 days after the sentence is announced." *Id.* Specifically, Rule 35 provides that: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Supreme Court has repeatedly explained that the time limits under Rule 35 "may not be extended." *Dolan*, 130 S. Ct. at 2545 (quoting *United States v. Addonizio*, 442 U.S. 178, 189 (1979)). "As used in this rule, 'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

The hearing at which the Court imposed sentence on Defendant occurred on March 24, 2011; therefore, under Rule 35, the latest date on which the Court could correct the sentence was April 7, 2011. Defendant's motion was timely; however, the Court has determined that Defendant's Motion is wholly without merit.

Defendant first argues that the sentence should be amended because "the Court failed to properly calculate the recommended Guidelines sentencing range." (Mot. 1:27-28, ECF No. 62.) Specifically, Defendant claims that the court erred by using:

> "self-incriminating information provided by Mr. Tinnemeyer during the trial of his co-conspirators in spite of the Guidelines' express prohibition on the use of such information against a defendant who agrees to cooperated [sic] with the government by providing information concerning the unlawful activity of others. *See* USSG § 1B1.8(a) (November 1, 2010)."

(Mot. 2:3-7, ECF No. 62.)  Defendant misreads the Guidelines.

Section 1B1.8(a) provides:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, ***and as part of that cooperation agreement the government agrees*** that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S. Sentencing Guidelines Manual § 1B1.8(a) (Nov. 1, 2010) (emphasis added).  This provision does not prohibit the use of self-incriminating information during sentencing in all instances in which a defendant has cooperated with the Government.  Rather, it only prohibits the use of such information in cases where two conditions are both met:  (1) the defendant agrees to cooperate with the Government by providing information regarding the unlawful activities of others, ***and*** (2) the government agrees as part of the cooperation agreement that information provided pursuant to the agreement will not be used against the defendant. *See, e.g., United States v. Mejia*, 291 Fed. Appx. 79, 83 (9th Cir. 2008) (determining that the prohibition contained in section 1B1.8(a) did not apply where "[t]he government never agreed ***not*** to use information that [the defendant] provided . . . ." (emphasis added)).  Nowhere in Defendant's Plea Agreement with the Government is there language indicating that self incriminating information provided by Defendant pursuant to the cooperation agreement would not be used against him at sentencing.  In fact, the Plea Agreement indicates the exact opposite.  In the first paragraph under the "Cooperation"

heading, the Plea Agreement expressly states: "*Defendant agrees that the information he provides can be used against him to establish relevant conduct*." (Plea Agreement 6:7-8, ECF No. 32) (emphasis added).  This language not only prevents the application of 1B1.8(a) but also operates to put the defendant on notice.  The defendant accepted this Plea Agreement.  This Court therefore rejects Defendant's argument that the Court improperly calculated the Guidelines sentencing range by failing to abide by section 1B1.8(a).

Defendant's second argument is that his counsel at the sentencing hearing was so "taken by surprise . . . or otherwise confused by the Court's calculations" that she "was not able to at least argue that Mr. Tinnemeyer be sentenced at the low end of the Guidelines range determined by the Court." (Mot. 2:9-12, ECF No. 62.)  However, this is not the sort of "arithmetical, technical, or other clear error" that Rule 35(a) was designed to address.  Rule 35(a)--the text of which was previously located at Rule 35(c)--allows a district court "to modify a sentence only in very limited instances and *not* merely to 'reconsider' sentencing issues." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).  Rule 35(a) "is intended to permit the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error." *United States v. Aguirre*, 214 F.3d 1122, 1126 (9th Cir. 2000).

Here, the Court did not make an obvious error in sentencing, nor did it rely on obviously erroneous material in calculating the sentence, nor does Defendant's second argument contend that the Court did.  Instead, Defendant is merely trying to reopen an issue that was previously resolved under the Guidelines.  Defendant's counsel was certainly able to argue for a sentence at the low end of the Guidelines range during the sentencing hearing and she was afforded ample opportunity to do so.  In fact, counsel was able to convince the Court to depart downward two (2) more points for substantial assistance pursuant to section 5K1.1 than the Government had asked the Court to depart (for a total of a six (6) level

departure under section 5K1.1), so there is no reason for the Court to reopen that topic at this time, nor does it have the power to do so under Rule 35(a).  Defendant's Motion to Correct will therefore be denied, as will be his request for a new sentencing hearing.

The 14-day period during which the Court had the ability to amend Defendant's sentence expired 12 hours after Defendant filed his Motion; therefore, the Court also denies the alternative relief Defendant requests--namely, leave to amend this Motion after Defendant's new counsel receives a copy of the transcript from the sentencing hearing.  The Court no longer has the power to amend Defendant's sentence, so such a course of action would be futile.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Correct Sentence (ECF No. 62) is **DENIED with prejudice**.

DATED this 11th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge