# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLEMENS TINNEMEYER, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case No.: 2:09-cr-00072-GMN-RJJ <br> 2:11-cv-01197-GMN <br><br> **Screening Order Regarding Petitioner's Motion to Vacate, Set Aside or Correct Sentence (28 U.S.C. § 2255)** |

The Petitioner, Clemens Tinnemeyer, is a federal prisoner currently in the custody of the United States Bureau of Prisons serving a sentence of seventy-one (71) months. The Petitioner was sentenced in this Court on March 24, 2011; therefore, the venue is proper. Petitioner's Judgment of Conviction was filed on March 31, 2011. Accordingly, his 2255 Motion is filed within the one year period of limitations. Petitioner did not file a direct appeal and has filed no prior 2255 motions.

Section 2255 provides post-conviction relief to federal prisoners on four grounds: (1) the sentence imposed violated the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *Hitchcock v. United States*, 580 F.2d 964, 965 (9th Cir. 1978). Section 2255 applies to non-jurisdictional claims based on a federal statute or rule only if the claim alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Petitioner raises four grounds: 1) Failure of the Court to notify the parties prior to the sentencing hearing that the Court had rejected the plea and PSR calculation of the Sentence

Guidelines; 2) Failure of defense counsel to request a continuance so that the Assistant U.S. Attorney (AUSA) who had negotiated the plea could attend and explain the plea logic to the Court; 3) Failure of the Judge to state the final guideline calculations out loud at the hearing; and 4) Failure of the Judge to follow proper sentencing procedures.

Petitioner's first ground is that the sentencing court failed to notify the parties prior to the sentencing hearing that the Court had rejected the plea and PSR calculation of the Sentence Guidelines. Petitioner explains his claim as follows:

> "The judge rejected the plea without giving notice to anyone prior to the sentencing hearing. That meant that she added 6 points to the calculation agreed to by the parties & calculated by P&P in the PSR. The judge said she heard me testify at trial and did not believe I should receive a minor role reduction. The judge cited cases, but did not give anyone time to review or respond to the cases. My attorney did not explain that the judge could reject my plea without giving us time to research and respond. My attorney failed to ask to continue the sentencing hearing so we could talk about what the judge was doing. The judge did not offer to continue the hearing to get further input from the parties."

A sentencing court is not bound to accept the parties' recital of the contemplated guideline calculation stated in a plea agreement unless it is a binding plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Plea Agreement in this case was not a binding plea; therefore, the Court could reject the Plea Agreement[1]. This Court rejected the parties' contemplated guideline calculation finding it was an incorrect calculation according to the guidelines as applied to the specific facts of the case. The guideline range crafted by the parties contemplated that the Petitioner would plead guilty to possessing an amount significantly less

---

[1] The Plea Agreement (ECF No. 32) specifically provided that, *"It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, Defendant will not withdraw his plea of guilty."* (p. 3, ¶ 7). Also in his Plea Agreement, Tinnemeyer further waived, *"the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, § 3742, and further waives the right to appeal any other aspect of the conviction or sentence."* (Id. at p. 4, ¶ F, §1)

than the actual drugs possessed and then additionally that Petitioner would also receive a reduction for his role in the offense pursuant to U.S.S.G.§ 3B1.2.  Commentary Application Note 3(B) provides that "if the defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense."  The Court read this language into the record at Petitioner's sentencing hearing and allowed counsel to comment.

The Court was also not required to provide Petitioner notice prior to the sentencing hearing of the Court's guideline calculation.  Federal Rule of Criminal Procedure 32(h) only provides that a court must give reasonable notice (not notice prior to the sentencing hearing) and notice is only required when the court is contemplating a departure from the guideline range on a ground not previously identified.  The Court in this case did not apply any departure from the sentencing range established by the Sentencing Guidelines; it merely rendered an opinion as to the correctness of applying a mitigating role reduction which was contemplated by the plea agreement. *Burns v State*, 501 U.S. 129 (1991).  Nor did the Court introduce *sua sponte* a new previously unidentified departure. *Id*.  The Court merely held that a reduction contemplated in the Plea Agreement appeared to be precluded by the Guidelines and was not warranted by the evidence.

Even if the Application Note did not bar the calculation contemplated in the Plea Agreement, the Court also explained, providing detailed comparisons, that under the totality of the circumstances, Defendant was clearly not among the least culpable of the people involved in the offense, nor was he even less culpable than most participants; therefore, the Court did not find that Defendant qualified for any of the reductions under § 3B1.2 of the Guidelines and, in

/ / /

fact, was nearly eligible for an increase, under § 3B1.1, for his supervisory or managerial role[2].

Furthermore, defense counsel was clearly apprised by the court that Application Note 3(B) precluded the calculation and counsel could not and did not contest the fact that Petitioner had admitted during his trial testimony to distributing and conspiring to distribute far more cocaine than he had actually pleaded guilty to possessing.  Defense counsel argued that the Court should abide by the incorrect calculation contemplated in the Plea Agreement but failed to provide a sufficiently persuasive argument.  The Court explained that under the facts of this specific case, there simply was no principled way for it to impose the erroneous calculation.  Ultimately, counsel was able instead to convince the Court to depart downward two (2) more levels than requested by the Government for Petitioner's substantial assistance pursuant to guideline § 5K1.1.  Therefore, the Court applied a six (6) level departure under § 5K1.1 instead of four (4).  Accordingly, Petitioner's first ground is without merit.

Petitioner's second ground is that his attorney failed to request a continuance so that the initial AUSA who had negotiated the plea could attend and explain the plea logic to the Court.  As part of this ground, Petitioner also claims his counsel should have requested a continuance because a different probation officer, not the probation officer who prepared his Pre-Sentence Report, was present in the courtroom.  Finally, Petitioner claims the Court used his testimony against him to impose a greater sentence and cites to *U.S. v. Perry*, 640 F.3d 805 (8th Cir. 2011); *U.S. v. Milan*, 398 F.3d 445 (6th Cir. 2005).

There is no requirement that the initial AUSA who negotiated the Plea Agreement, nor the probation officer who prepared the Pre-Sentencing Report, be present at Petitioner's sentencing hearing.  Furthermore, the logic of the Plea Agreement or the Guideline calculation

---

[2] Had the Court *sua sponte* found the Defendant was a supervisor or manager and applied an increase pursuant to 3B1.1 which was not contemplated by the parties and without providing reasonable notice, a colorable appellate issue could be raised. However, that was not the case; the Court merely failed to apply the mitigating role reduction contemplated by the parties in their non-binding plea agreement.

contemplated was very clear and not in issue at all.  In the plea, the parties simply agreed that the readily provable amount was less than what was proven at trial and that Petitioner played a mitigating role in the offense.  However, despite the fact that it is difficult to determine what additional information the initial AUSA could have provided, it appears that Petitioner's second ground has sufficiently raised an Ineffective Assistance Claim.

However, regarding the use of Petitioner's prior trial testimony during sentencing, the language in Petitioner's Plea Agreement provided notice that the self-incriminating testimony he provided at trial could be used against him to calculate his guideline range.  Petitioner's Plea Agreement expressly warned in regards to his testimony at trial as follows: *"Defendant agrees that the information he provides can be used against him to establish relevant conduct."* (ECF No. 32 at p. 6, ¶ J, § 1).  Accordingly, this aspect of Petitioner's second ground is without merit.

Petitioner's third ground is that the Court failed "to state the final guideline calculations out loud at the hearing." Petitioner claims the Court failed to state the guideline range and ask for comment, awarded a six point reduction for his cooperation despite stating in Court that only four (4) points would be deducted and did not state the sentencing calculation.  A review of the transcript (ECF No. 69) demonstrates that the sentence was calculated by the Court starting with a Base Offense Level of 36, then subtracting 2 levels for the application of the safety valve pursuant to § 5C1.2, deducting 3 levels for acceptance of responsibility under § 3E1.1, and finally subtracting 6 levels for a substantial assistance departure under § 5K1.1. This resulted in a Total Offense Level of 25, which, when combined with a Criminal History Category of I, yielded a Guideline range of 57 to 71 months imprisonment.  As noted *supra*, after this was explained to defense counsel, counsel managed to then successfully convince the Court that the trial testimony and other assistance provided by Petitioner merited a six (6) level departure rather than the four (4) levels recommended by the Government.  Accordingly, Petitioner's third ground is without merit.

Petitioner's fourth ground is that the Court failed to follow proper sentencing procedures. Petitioner claims that the Court never asked his attorney to comment on or to make a sentencing recommendation and merely imposed a sentence within the guideline range so that it could not be appealed. Federal Rule of Criminal Procedure 32 (i) lists the procedure the court must follow. Defendant's counsel was certainly provided an ample opportunity to comment. Not only was she able to argue for a sentence at the low end of the guideline range during the sentencing hearing, she then successfully convinced the Court to award a six (6) level reduction for his substantial assistance pursuant to guideline § 5K1.1 instead of the four (4) level reduction recommended by the Government. Accordingly, Petitioner's fourth ground is without merit.

The most common cognizable claim in a Section 2255 motion is a claim of Ineffective Assistance of Counsel in violation of his Sixth Amendment Right to Counsel. *See Baumann v. United States,* 692 F.2d 565, 581 (9th Cir. 1982). Petitioner specifically claims that his trial counsel failed to request a continuance so the government attorney who negotiated the Plea Agreement and the probation officer who drafted the Pre-Sentence Report could be present. This claim was not previously presented to any federal court by way of petition for writ of habeas corpus, motion pursuant to 28 U.S.C. 2255, or any other petition, motion or application. This Court finds that Petitioner has sufficiently raised an Ineffective Assistance Claim.

Petitioner's remaining claims are without merit. The most common non-recognizable claims are Federal Sentencing Guidelines claims. *See United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir. 1994) and non-constitutional sentencing errors a prisoner could have raised on direct appeal. *See Schlesinger,* 49 F.3d at 485.

This Court finds that Petitioner has raised a cognizable claim and therefore orders the

/ / /

/ / /

/ / /

1 Government to respond and file a Response **by December 23, 2011**.

2     DATED this 9th day of December, 2011.

                                          _____

                                          Gloria M. Navarro
                                          United States District Judge