UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLEMENS TINNEMEYER, | Case No.: 2:09-cr-00072-GMN-RJJ |
| Petitioner, | 2:11-cv-01197-GMN |
| vs. | **Order Denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence (28 U.S.C. § 2255)** |
| UNITED STATES OF AMERICA, | |
| Respondent. | **IAC – Failure to Request Continuance** |

Petitioner timely filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 77) on July 22, 2011.  The Court filed its Screening Order (ECF No. 80) on December 9, 2011, directing the Government to respond and the Government timely filed its Response (ECF No. 84).  All documents in this case remain under seal at the request of the parties due to the Petitioner's participation in the Government's Witness Protection Program. (ECF Nos. 75-76.)

On March 4, 2009, Petitioner pled guilty to Count One of a Criminal Information charging him with Conspiracy to Distribute Five Kilograms or More of Cocaine, in violation of Title 21, United States Code, § 846.  The parties entered into a Plea Agreement and jointly recommended that the Petitioner be found to be a minor participant and receive an adjustment pursuant to U.S.S.G. §§ 3B1.1 and 2D1.1(a)(3).  The Court did not apply that minor participant reduction but did grant the § 5K1.1 motion for substantial assistance and reduced Petitioner's sentence to a greater extent than requested by the Government.  Petitioner did not file a direct appeal and has filed no prior 2255 motions.

Petitioner raised four grounds: (1) failure of the Court to notify the parties prior to the sentencing hearing that the Court had rejected the parties' joint recommendation in the plea

agreement that the minor participant adjustment should be applied; (2) failure of defense counsel to request a continuance so that the Assistant U.S. Attorney (AUSA) who had negotiated the plea could attend and explain the plea logic to the Court; (3) failure of the Judge to state the final guideline calculations out loud at the hearing; and (4) failure of the Judge to follow proper sentencing procedures.  The Court's Screening Order (ECF No. 80) found that grounds (1), (3), and (4) were without merit and did not raise cognizable claims[1] and directed the Government to respond to Petitioner's second claim.

Petitioner claims his attorney was deficient because counsel should have asked for a continuance of the Sentencing Hearing so that the attorney who negotiated the plea on behalf of the Government could inform the Court of the rationale behind the minor role adjustment recommendation in the nonbinding plea agreement.  However, Petitioner fails to show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The Sixth Amendment entitles criminal defendants to the "effective assistance of counsel." *Strickland*, 466 U.S. at 686.  To establish ineffective assistance of counsel, a defendant must prove: (1) deficient performance – that is, his "counsel's performance fell below an objective standard of reasonableness," and (2) prejudice – that is, "a reasonable probability exists 'that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001) (citing *Strickland*, 466 U.S. at 694).  "If [the Court] conclude[s] that the petitioner fails to satisfy one of the *Strickland* prongs, [the Court] need not address the other." *Stanley v. Schriro*, 598 F.3d 612, 619 (9th Cir. 2010) (citing *Strickland*, 466 U.S. at 697).  "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010).

---

[1] Federal Rule of Criminal Procedure 32(h) requires prior notice only if the court will depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission.

Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 689.  In evaluating whether counsel's performance was deficient, "judicial scrutiny of counsel's performance must be highly deferential," and a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id*. at 689-90.

In making an ineffective assistance of counsel claim, Petitioner must identity the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id*.  A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) (citing *Strickland*, 104 S.Ct. at 2066).  Moreover, counsel's failure to move for a continuance of sentencing has been held not to fall below an objective standard of reasonableness. *Taylor v. Reno*, 164 F.3d 440, 447 (9th Cir. 1998) (citing to Fed. R. Crim. Pro. 32(a)(1) which requires that a federal sentence "be imposed without unnecessary delay").

In this case, defense counsel's argument that Petitioner qualified for the minor role adjustment was not accepted by the Court.  However, his Plea Agreement pursuant to Fed. R. Crim. Pro. 11(c)(1)(A) and (B) specifically allowed for the Court to make any sentencing decision it deemed appropriate, within the statutory limits. (*See* Plea Mem. 1:19-20, 2:19-24, ECF No. 32.)  The mere fact that the Court properly exercised its discretion is not sufficient to establish ineffectiveness of counsel.  Petitioner's counsel vigorously advocated for the application of the minor role adjustment and represented him for over two years including assisting Petitioner during his testimony at the co-defendants' trial.  Finally and most importantly, Petitioner's counsel successfully argued for a six-level departure for cooperation which was two more than the four-levels requested by the Government.  Accordingly, Petitioner has failed to demonstrate that counsel's performance was constitutionally deficient.

Even if Petitioner's counsel's performance did fall below the objective standard of reasonableness, Petitioner has failed to demonstrate that *Strickland*'s prejudice prong has been met. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *United States v. Morrison*, 449 U.S. 361, 364-65 (1981). Petitioner cannot establish prejudice by merely speculating that the sentencing outcome could have been different. *See Tomlin v. Myers*, 30 F.3d 1235, 1248 (9th Cir. 1994) (George, D.J., sitting by designation, dissenting) ("Such speculation is contrary to *Strickland*'s requirement that [Petitioner] show actual prejudice . . ."). The logic of the plea agreement was very clear and not in issue at all, therefore it is difficult to imagine what additional information the initial AUSA could have provided.

The government additionally points out that it is not uncommon for the negotiating government attorney to be absent at sentencing. True enough, colleagues in the local U.S. Attorney's office do generally stand-in for each other during court hearings. However, to be fair, the prosecution of this Petitioner's case, as well as the entire drug trafficking conspiracy, was taken over by the U.S. Department of Justice's Organized Crime and Gang Section, and two out-of-state prosecutors were assigned. Therefore, the Court is not persuaded that the arrangement in this case was not uncommon. Nevertheless, the newly assigned DOJ attorneys did prosecute the co-defendants' trial during which Petitioner testified about his involvement in the crime – which was not at all minor.[2] In fact, it appears more likely that the local government attorney who negotiated the plea may not have been entirely aware of the extent of the drug trafficking organization and Petitioner's involvement or may have determined that his cooperation was more valuable and turned a blind eye – all of which is within the prosecutor's discretion to do. The Government attorneys who were present at the Sentencing Hearing were likely in a better position to address the Petitioner's role in the offense. Despite the evidence

---

[2] Petitioner's Plea Agreement expressly warned that "Defendant agrees that the information he provides can be used against him to establish relevant conduct." (Plea Mem. 6:7-8.)

adduced at trial, the DOJ attorneys did not advocate against the application of the minor role adjustment, did not breach the Petitioner's plea agreement but rather abided by the plea agreement. The Court merely was not inclined to follow suit.

Petitioner's Motion to Vacate Sentence is hereby **DENIED without an evidentiary hearing**.

DATED this 18th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge